IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV99-03-MU

| | | |
|---|---|---|
| RICCARDO DARNELL JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| LISA AUSTIN; REBECCA KING, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed March 28, 2006. (Document No. 1. )

Plaintiff's Complaint alleges that Defendant Lisa Austin, a Pretrial Release Coordinator

employed by the Buncombe County Court System, prepared an affidavit for the arrest of Plaintiff

for a pretrial release violation and on such affidavit listed Plaintiff as a white male[1] when he is in fact

a black male. Plaintiff claims that Ms. Austin knows that he is a black male. Plaintiff also alleges

that Defendant Rebecca King issued the same arrest warrant to be served on Plaintiff. Plaintiff

alleges that Ms. King also knows that he is a black male. Plaintiff alleges that Defendants' actions

violated his fourth, eighth and fourteenth amendment rights under the United States Constitution.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the

Constitution by a person acting under color of state law. First, the Court notes that, at most,

---

[1] Plaintiff alleges that a "W" appears in the box marked "race" on the order for arrest and
on the supervised pretrial release violation report. The Court presumes that the "W" is an
abbreviation for white. Plaintiff is a black male and alleges that both Defendants know that he is
a black male.

1

Dockets.Justia.com

Plaintiff's allegations amount to a clerical oversight or negligence.  Generally speaking, negligence is not sufficient to state a claim under § 1983.  Estelle v. Gamble, 429 U.S. 97 (1976).  Moreover, Defendant does not claim that he is not the correct subject of the warrant.  The warrant identifies Plaintiff by his social security number, his address and his place of employment.

Next, Defendant Lisa Austin is a pretrial release coordinator and as such would enjoy derivative absolute immunity.  McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972).  Plaintiff does specify  Defendant Rebecca King's position, however, her signature appears on the bottom of the Order for Arrest of the Plaintiff, therefore this Court assumes she is either a judge or a clerk working under a judge's direction and as such would also enjoy absolute immunity.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  Moreover, such immunity is not lost simply because the action taken was in error.  Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985).

Finally, to the extent that Plaintiff is claiming that because of the defect on his warrant, he has been falsely imprisoned, a 1983 action is not the appropriate vehicle to address such a claim.[2]

---

[2] "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

Dismissed for failure to state a claim for relief.[3]

**SO ORDERED**.

Signed: March 30, 2006

Graham C. Mullen
United States District Judge

---

[3] The Court notes that this is Plaintiff's third dismissal of a § 1983 action.  See Middle
District of North Carolina 4:96cv252 and Western District of North Carolina 1:06cv96.